O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

link #17

CIVIL MINUTES - GENERAL

| Case No. | CV 07-8374 PSG (Ssx) | Date | October 6, 2008 |
|---|---|---|---|
| Title | Bassel Jelahej v. James Miller, et al. | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:**     (In Chambers) Order on Defendants' Motion to Dismiss

Pending before this Court is Defendants' motion to dismiss Plaintiff's second amended complaint. The Court finds the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local R. 7-15. After considering the moving and opposing papers, the Court hereby GRANTS in part and DENIES in part Defendants' motion.

I.   BACKGROUND

Plaintiff in this action is Bassel Jelahej ("Plaintiff"), a former journeyman carpenter. Defendants are the twelve members of the California Contractors State License Board ("CSLB") Board of Directors: James Miller, Donald Zampa, Matthew Kelly, Cynthia Mitchell, Ed Lang, Edward Barnes, Robert Brown, Louise Kirkbride, Robert Lamb, Stephen Matich, John O'Rourke, and Bernadette Medrano (collectively, "Defendants"), sued in their official and individual capacities.

In the fall of 2005, Plaintiff submitted an application for a California Contractor's License. (SAC ¶ 10.) On November 10, 2005, Plaintiff took the Contractors State License Examination and failed it. (*Id.*) Between November 2005 and December 2006, Plaintiff returned to take the exam "numerous times," and was able to pass the legal section of the exam but not the trade portion. (*Id.* ¶ 11.) Plaintiff filed a Request for Examination Appeal with the CSLB and informed them that some of the questions were out of date. (*Id.*) After reviewing Plaintiff's exam, the CSLB refused to alter Plaintiff's score. (*Id.*) "Frustrated by his financial situation and the lack of attention from the CSLB," Plaintiff left a "nonthreatening" message with a staff member at CSLB. (*Id.* ¶ 12.) Beginning in October 2006, Defendants allegedly

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

link #17

CIVIL MINUTES - GENERAL

| Case No. | CV 07-8374 PSG (Ssx) | Date | October 6, 2008 |
|---|---|---|---|
| Title | Bassel Jelahej v. James Miller, et al. | | |

placed a California Highway Patrol ("CHP") officer behind Plaintiff whenever he took the contractor's licensing exam. (*Id.*)

On December 28, 2007, Plaintiff filed a civil rights complaint against Defendants and the CSLB, and later filed a first amended complaint. On the defendants' motion, the Court dismissed all causes of action against the CSLB and several claims against Defendants. (*See* Order issued July 16, 2008.) On August 13, 2008, Plaintiff filed a second amended complaint ("SAC"). Defendants now move to dismiss the SAC pursuant to Fed. R. Civ. P. 12(b)(6) and 12(b)(1).

II.     LEGAL STANDARD

Rule 12(b)(6) of the Fed. R. Civ. P. provides a mechanism for a party to dismiss a claim if the claimant fails to state a claim upon which relief can be granted. In evaluating the sufficiency of a complaint under Rule 12(b)(6), courts must be mindful that the Federal Rules require only that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Nevertheless, even though a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007) (internal citations omitted). The complaint must allege sufficient facts to raise a right to relief above the speculative level. *See id.* (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004)). The Court must accept as true all factual allegations in the complaint and must draw all reasonable inferences from those allegations, construing the complaint in the light most favorable to the plaintiff. *Guerrero v. Gates,* 442 F.3d 697, 703 (9th Cir. 2006); *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990).

Rule 12(b)(1) of the Fed. R. Civ. P. allows a motion to dismiss for lack of subject matter jurisdiction. It is a fundamental precept that federal courts are courts of limited jurisdiction, and limits upon federal jurisdiction must not be disregarded or evaded. *Owen Equip. & Erection Co. v. Kroger,* 437 U.S. 365, 374, 98 S. Ct. 2396, 57 L. Ed. 2d 274 (1978). The burden rests with the plaintiff to establish that subject matter jurisdiction is proper. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). At the pleading stage, a plaintiff can meet this burden by pleading sufficient allegations to show a proper basis for the court to assert subject matter jurisdiction over the action. *McNutt v. Gen. Motors Acceptance Corp.,* 298 U.S. 178, 189, 56 S. Ct. 780, 80 L. Ed. 1135 (1936); Fed. R. Civ. P.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

link #17

CIVIL MINUTES - GENERAL

| Case No. | CV 07-8374 PSG (Ssx) | Date | October 6, 2008 |
|---|---|---|---|
| Title | Bassel Jelahej v. James Miller, et al. | | |

8(a)(1).

III.  DISCUSSION

Plaintiff's SAC states three causes of action: (1) denial of due process, (2) denial of equal protection, and (3) intentional infliction of emotional distress. Defendants seek dismissal of these claims on several grounds: (1) the Eleventh Amendment bars all claims against Defendants acting in their official capacities; (2) Plaintiff fails to state a claim under which the Court can grant relief; (3) qualified immunity bars Plaintiff's § 1983 claims against Defendants in their individual capacities, (4) the pendant state claim is barred due to Plaintiff's failure to file a tort claim with the appropriate government agency, and (5) Defendants are immune from suit under the licensing immunity of Cal. Gov't Code §§ 818.4 and 821.2.

   A.   Plaintiff's Constitutional Claims

      *1.   Eleventh Amendment Defense*

Plaintiff has sued Defendants in both their official and individual capacities. Defendants argue that Eleventh Amendment immunity bars Plaintiff's due process and equal protection claims asserted against them in their official capacities as members of the CSLB. Consequently, Defendants assert, this Court lacks jurisdiction over Plaintiff's constitutional claims.

Pursuant to the Eleventh Amendment, a state is immune from suits brought by its citizens in federal court.[1] *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54, 116 S. Ct. 1114, 134 L. Ed. 2d 252 (1996). State officials are also entitled to Eleventh Amendment immunity from federal civil rights suits when sued in their official capacities. *Mitchell v. Los Angeles Cmty. Coll. Dist.*, 861 F.2d 198, 201 (9th Cir. 1988), *cert. denied*, 490 U.S. 1081, 109 S. Ct. 2102, 104 L. Ed. 2d 663 (1989). However, the Supreme Court recognized in *Ex parte Young* that a suit for prospective injunctive relief provides a narrow but well-established exception to Eleventh Amendment immunity. 209 U.S. 123, 28 S. Ct. 441, 52 L. Ed. 714 (1908) Accordingly, when a plaintiff sues a state official alleging a violation of federal law, "the federal court may award an injunction that governs the official's future conduct, but not one that awards retroactive

---

[1] The Eleventh Amendment states: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**link #17**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-8374 PSG (Ssx) | Date | October 6, 2008 |
|---|---|---|---|
| Title | Bassel Jelahej v. James Miller, et al. | | |

monetary relief." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 102-03, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984).

To the extent Plaintiff's causes of action seek monetary damages against Defendants, the Eleventh Amendment bars these claims because it precludes a plaintiff from obtaining monetary damages from Defendants in their official capacities. *See Kentucky v. Graham,* 473 U.S. 159, 169, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985). Plaintiff, however, also seeks injunctive relief against Defendants. In considering whether the *Ex parte Young* doctrine provides an exception to Eleventh Amendment immunity, "a court need only conduct a 'straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.,* 535 U.S. 635, 645, 122 S. Ct. 1753, 152 L. Ed. 2d 871 (2002) (quoting *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 296, 117 S. Ct. 2028, 138 L. Ed. 2d 438 (1997)).

In the SAC, Plaintiff asks the Court for a prohibitory injunction enjoining Defendants from "singling him out [from] other test takers and requiring that a peace officer be stationed behind or near him during the examination process" (SAC ¶ 22), and a mandatory injunction compelling Defendants "cause to be issued to Plaintiff a passing score on the State Contractor's State license examination and to forthwith issue him a general contractor's license in the State of California." (*Id.* at ¶ 4.) As explained in the Court's Order issued July 16, 2008, Plaintiff's request for a mandatory injunction does not satisfy the "straightforward inquiry" of *Coeur d'Alene*. In particular, the relief Plaintiff requests is not prospective because he is essentially asking the Court to order the CSLB to reverse its past judgment on Plaintiff's test. Therefore, Plaintiff cannot utilize the *Ex parte Young* exception to Eleventh Amendment immunity for his request for mandatory injunction. Plaintiff's request for prohibitory injunction, however, does satisfy the "straightforward inquiry" of *Coeur d'Alene*. The relief requested is prospective, as it seeks to enjoin future violations of Plaintiff's rights.

Therefore, the Eleventh Amendment bars Plaintiff's due process and equal protection claims against Defendants to the extent that he seeks monetary and non-prospective injunctive relief. Insofar as Plaintiff seeks a injunction preventing Defendants from placing a CHP officer in the room while he takes the licensing exam, Plaintiff's constitutional claims may go forward.

   2.  *Qualified Immunity*

Plaintiff has also sued Defendants in their individual capacities. Defendants argue that they are entitled to qualified immunity from suit. Plaintiff fails to respond to this claim.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

link #17

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-8374 PSG (Ssx) | Date | October 6, 2008 |
|---|---|---|---|
| Title | Bassel Jelahej v. James Miller, et al. | | |

      The doctrine of qualified immunity protects government officials from being held personally liable for their acts under color of state law. Whether an official will be personally liable for an allegedly unlawful official action generally turns on the "objective legal reasonableness" of the action, "assessed in light of the legal rules that were clearly established at the time it was taken." *Anderson v. Creighton*, 483 U.S. 635, 639, 107 S. Ct. 3034, 97 L. Ed. 2d 523, (1987). In evaluating claims of qualified immunity, courts view constitutional rights in a particularized rather than an abstract sense. *Id.* at 640. The Supreme Court has defined the relevant inquiry as whether a reasonable official could have believed that the acts which allegedly violated the plaintiff's rights were lawful. *See id.* at 641.

      Here, Plaintiff alleges that Defendants violated his rights by placing a CHP officer behind Plaintiff while he was taking the licensing examination. (SAC ¶ 12.) The Complaint states that after Plaintiff left a message with CSLB staff,[2] Defendants classified Plaintiff as suicidal and a potential danger to others. (*Id.* ¶ 29.) Although it may ultimately be determined that Defendants' actions violated Plaintiff's constitutional rights, the CSLB Board members, after determining that Plaintiff was suicidal and dangerous, could have reasonably believed that it was lawful to have a CHP officer present during the exam in order to ensure the safety of Plaintiff, other test takers, and CSLB staff. Therefore, Defendants are entitled to qualified immunity as to Plaintiff's constitutional claims.[3]

      *3.    Failure to State a Claim*

      Defendants alternatively seek dismissal of Plaintiff's due process and equal protection claims under Rule 12(b)(6) for failure to state a claim.

      42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation,
> custom, or usage, of any State or Territory or the District of Columbia,

---

[2] Plaintiff states that Defendants "erroneously perceived" his message as threatening, "although it was not." (Opp. 7:19-20.)

[3] Qualified immunity does not pertain to Plaintiff's state law claim. *Finkelstein v. Bergna*, 924 F.2d 1449 (9th Cir. 1991).

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

link #17

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-8374 PSG (Ssx) | Date | October 6, 2008 |
|---|---|---|---|
| Title | Bassel Jelahej v. James Miller, et al. | | |

subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Plaintiff's § 1983 claim is based on Defendants' alleged violations of his due process and equal protection rights. The Court will address each claim in turn.

      *a.*   *Due Process*

The Fourteenth Amendment states: "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. The Due Process Clause protects citizens from arbitrary government action that "shocks the conscience." *See County of Sacramento v. Lewis*, 523 U.S. 833, 846, 118 S. Ct. 1708, 140 L. Ed. 2d 1043 (1998). To establish a substantive due process claim, the plaintiff must first allege that he was deprived of a constitutionally-protected property or liberty interest. *Bd. of Regents v. Roth*, 408 U.S. 564, 577, 92 S. Ct. 2701, 33 L. Ed. 2d 548 (1972); *Dittman v. California*, 191 F.3d 1020, 1029 (9th Cir. 1999). Second, he must show that the government action was clearly arbitrary and unreasonable. *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 754 n.13, 119 S. Ct. 1624, 143 L. Ed. 2d 882 (1999) (citing *Village of Euclid v. Amber Realty Co.*, 272 U.S. 365, 395, 47 S. Ct. 114, 71 L. Ed 303 (1926)).

In the present case, Plaintiff asserts that he "has both a liberty and a property interest in being able to qualify for a state contractor's license." (SAC ¶ 17.) He claims that "[h]is said liberty and property interests allow him to earn a living in his trade if licensed as a contractor" and that he is unable to work without the license. (*Id.*)

The Supreme Court has recognized "that the liberty component of the Fourteenth Amendment's Due Process Clause includes some generalized due process rights to choose one's field of private employment." *Conn v. Gabbert*, 526 U.S. 286, 119 S. Ct. 1292, 143 L. Ed. 399 (1999). The Ninth Circuit has held that "the pursuit of an occupation or profession is a protected liberty interest that extends across a broad range of lawful occupations." *Wedges/Ledges of Cal., Inc. v. City of Phoenix*, 24 F.3d 56, 65 n.4 (9th Cir. 1994). The cases establishing this liberty interest deal "with a complete prohibition of the right to an engage in a calling." *Dittman*, 191 F.3d at1029.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

link #17

CIVIL MINUTES - GENERAL

| Case No. | CV 07-8374 PSG (Ssx) | Date | October 6, 2008 |
|---|---|---|---|
| Title | Bassel Jelahej v. James Miller, et al. | | |

A person may not work as a contractor in the state of California without a license. *See* Cal. Bus. & Prof. Code § 7028. In order to obtain a license, the applicant must pass the Contractors State License Board Examination. Thus, this requirement constitutes a "complete prohibition on entry into a profession that implicates a person's liberty interest in pursuing an occupation or profession of her own choice." *Dittman*, 191 F.3d at 1029. Plaintiff alleges that Defendants treated him differently from other examinees by placing a CHP officer behind him during the licensing examination, which made it impossible for him to concentrate during the exam. (SAC ¶ 13.) Plaintiff further alleges that Defendants did so in order "to intimidate Plaintiff so that he would not pass the Contractors license exam or so that he would not give up and not try to pass the examination any more." (*Id.* ¶ 19.) Accepting as true all factual allegations in the SAC and drawing all reasonable inferences from those allegations, the Court concludes that Plaintiff has adequately pled that Defendants deprived him of a protected liberty interest by preventing him from obtaining a contractors license and thereby preventing him from working as a contractor.

Plaintiff has also satisfied the second prong of a substantive due process claim by alleging that Defendants' actions were "arbitrary and capricious, and rise to a level of outrageousness." (SAC ¶ 17.) Plaintiff maintains that Defendants placed a CHP officer behind him during the exam in order to intimidate him and cause him emotional distress. (Id. ¶¶ 19, 34.)[4] Accordingly, Plaintiff has stated a cognizable due process claim.

    b.  *Equal Protection*

Plaintiff also alleges that Defendants denied him his right to equal protection. To establish an equal protection claim on behalf of a "class of one" where plaintiff has not alleged membership in a class or group, he must allege that he was "intentionally treated differently from others similarly situated and that there [was] no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564, 120 S. Ct. 1073, 145 L. Ed. 2d 1060 (2000). In his SAC, Plaintiff claims that Defendants treated him differently from other examinees "who have communicated by telephone or in writing with the CSLB." (SAC ¶ 28.) Plaintiff also alleges that Defendants "had no legitimate purpose or rational basis" for treating

---

[4] Defendants argue that the act of placing a CHP officer in the room during the exam does not shock the conscience because Plaintiff had been classified as suicidal. (Mot. 8:2-10.) This is a factual dispute not properly resolved upon a motion to dismiss.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**link #17**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-8374 PSG (Ssx) | Date | October 6, 2008 |
|---|---|---|---|
| Title | Bassel Jelahej v. James Miller, et al. | | |

him differently than other similarly situated test-takers. (*Id.*)

The Court finds that Plaintiff has defined the relevant "class of one" too narrowly. Plaintiff has not established that he was similarly situated to other test-takers who communicated with the CSLB because Plaintiff did not merely call the CSLB; he left a message which CSLB staff perceived as threatening. Furthermore, Plaintiff has not alleged that other examinees were found to be suicidal and a potential danger to others based on telephone calls to the CSLB, as he was. Because Plaintiff has failed to allege that Defendants treated him differently from others who were similarly situated, he has not stated a cognizable claim for violation of his right to equal protection. Accordingly, the Court GRANTS Defendants' motion to dismiss Plaintiff's equal protection claim.

    B.    <u>Plaintiff's State Law Claim</u>

        *1.*    *Failure to Comply with the Tort Claims Act*

In addition to the Eleventh Amendment bar, Defendants argue, Plaintiff's claim for intentional infliction of emotional distress alternatively fails because Plaintiff did not comply with the presentment requirement of the California Tort Claims Act.

In order to bring a tort claim against public employees for acts within the scope of their employment, a plaintiff must comply with the presentment of claims requirement of the California Tort Claims Act. Cal. Gov't Code §§ 945.2 and 950.2; *see also Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 627 (9th Cir. 1988). That is, prior to filing a suit against public employees, a written claim must be presented to the employing public entity. Cal. Gov't Code §§ 945.2 and 950.2. A plaintiff "must allege facts demonstrating or excusing compliance with the claim presentment requirement" in the complaint. *California v. Sup. Ct. of King's County*, 32 Cal. 4th 1234, 1243, 13 Cal. Rptr. 3d 543 (2004).

Based on the allegations in the SAC, Defendants' acts were within the scope of their employment, as they involved the administration of the licensing exam. Plaintiff does not allege that he filed an intentional infliction of emotional distress claim with the CSLB. Therefore, his claim against Defendants is barred.[5] *See Stonelight Tile, Inc. v. Bay Area Air Quality Mgmt.*

---

    [5] The Court's Order on Defendants' first motion to dismiss, issued July 16, 2008, incorrectly stated that Cal. Gov't Code § 815.3 provides an exception to the presentment

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

link #17

CIVIL MINUTES - GENERAL

| Case No. | CV 07-8374 PSG (Ssx) | Date | October 6, 2008 |
|---|---|---|---|
| Title | Bassel Jelahej v. James Miller, et al. | | |

*Dis't*, Nos. 99-16381, 99-17037, 1 Fed. Appx. 750, at *2 (9th Cir. Jan. 18, 2001); *Santos v. Merritt Coll.*, No. C 07-5227, 2008 WL 2622792, at *4 (N.D. Cal. July 1, 2008) (claim for intentional infliction of emotional distress subject to claim presentment requirement); *Ahearn v. Redondo Beach Police Dep't*, No. CV 07-1452, 2008 WL 638354, at *5 (C.D. Cal. Mar. 5, 2008); Nancy Hersh & Ward Smith, California Civil Practice: Torts § 30:2 (2008) (courts have held claim requirement applicable in cases based on intentional tort).

*2. Immunity Under Cal. Gov't Code §§ 818.4 and 821.2*

Finally, Defendants argue that Plaintiff's tort claim against them in their individual capacities is barred under the licensing immunity of Cal. Gov't Code §821.2. Pursuant to this statute, public employees are immune from liability for "an injury caused by issuance, denial, suspension or revocation of, or by failure or refusal to issue, deny, suspend or revoke, any permit, license, certificate, approval, order, or similar authorization . . . ." Cal. Gov't Code § 821.2. This immunity covers not only the ultimate decisions to grant or deny a license, but also "integral parts of the process" leading to those decisions. *Engel v. McClowskey*, 92 Cal. App. 3d 870, 881, 155 Cal. Rptr. 284 (1979). Courts have found that § 818.4, a statute analogous to § 821.2 providing immunity for public entities, bars claims concerning how agencies administer licensing tests, including when the test can be taken and even if a candidate can take the test. *Nunn v. California*, 35 Cal. App. 3d 616, 628, 200 Cal. Rptr. 400 (1984).

The Court finds that "integral parts of the process" of issuing or denying a license includes the very processes Plaintiff complains of fairly administering the test, updating and creating the exam questions, and scoring the exam. If a candidate can be prevented from even taking an examination, see *id.* at 627, the Court finds that officials responsible for administering the tests may control the conditions under which a candidate may take the examination. Consequently, Defendants are also immune from Plaintiff's intentional infliction of emotional distress claim since it is based on both the ultimate decision to grant or deny a license and the "integral parts of the process." *Engel*, 92 Cal. App. 3d at 881.

IV. CONCLUSION

1. The motion to dismiss Plaintiff's constitutional claims against Defendants in their official capacities is GRANTED insofar as Plaintiff seeks monetary damages and mandatory

---

requirement when a state officer is sued for committing an intentional tort.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**link #17**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-8374 PSG (Ssx) | Date | October 6, 2008 |
|---|---|---|---|
| Title | Bassel Jelahej v. James Miller, et al. | | |

injunctive relief, and DENIED insofar as Plaintiff seeks prohibitive injunctive relief for violation of his right to substantive due process.

    2.  The motion to dismiss Plaintiff's constitutional claims against Defendants in their individual capacities is GRANTED, with prejudice.

    3.  The motion to dismiss Plaintiff's intentional infliction of emotional distress claim against Defendants in both their official and individual capacities is GRANTED, with prejudice.

    **IT IS SO ORDERED.**